UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

ORNELIO BONACHEA-PEREZ and all others similarly situated under 29 U.S.C. 216(B),

Plaintiff,

vs.

ORE SEAFOOD, INC.
ORELIA C. GONZALEZ
PEDRO A. GONZALEZ

Defendants.

## COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME WAGE VIOLATION

COMES NOW Plaintiff, by and through undersigned counsel, and states:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.
2. The Plaintiff was a resident of the Southern District of Florida at the time that this dispute arose.
3. The Defendant Ore Seafood, Inc. is a corporation that regularly transacts business within Miami Dade County Florida. Upon information and belief, the Defendant Corporation was the FLSA employer for the Plaintiff's employment ("the relevant time period").
4. The individual Defendant Orelia C. Gonzalez is a corporate officer and/or owner of the Defendant Corporations who runs the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period.
5. The individual Defendant Pedro A. Gonzalez is a corporate officer and/or owner of the Defendant Corporations who runs the day-to-day operations of the Corporate Defendant for

the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period.

6. All acts or omissions giving rise to this dispute took place in the Southern District of Florida.

**COUNT I: FEDERAL STATUTORY VIOLATION (OVERTIME WAGE VIOLATION)**

7. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(B). It is believed that the Defendants have employed several other similarly situated employees like the Plaintiff who have not been paid overtime wages for worked performed in excess of 40 hours weekly from the filing of this complaint back three years.

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

9. 29 U.S.C. § 207 (a) (1) states, " if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…."

10. The Plaintiff worked as a fish cleaner for the Defendants.

11. Plaintiff began work for the Defendants on or about February 15, 2007 through the present date of December 23, 2010 and ongoing.

12. Defendants business activities involve those to which the Fair Labor Standards Act applies. Both the Defendants business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the goods and/or materials that Plaintiff used on a constant and continual basis and that were supplied to him by the Defendants to use on

the job moved through interstate commerce prior to and subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendant.

13. Upon information and belief, the Defendant Corporations grossed over $500,000 annually for the years, 2007, 2008, 2009 and 2010. Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, thus making Defendants business an enterprise covered under the Fair Labor Standards Act.

14. From December 23, 2007 through on or about December 31, 2007 Plaintiff worked an average of 63 hours per week for the Defendants and was paid an average hourly rate of $10.50 per hour but was never paid overtime wages for any hours worked as required by the Fair Labor Standards Act and Plaintiff therefore claims half time overtime rate of his hourly rate, for each hour worked above 40 in a workweek.

15. From January 1, 2008 through on or about October 16, 2009 Plaintiff worked an average of 63 hours per week for the Defendants and was paid an average hourly rate of $11.00 per hour but was never paid overtime wages for any hours worked as required by the Fair Labor Standards Act and Plaintiff therefore claims half time overtime rate of his hourly rate, for each hour worked above 40 in a workweek.

16. From January 1, 2008 through on or about October 16, 2009 Plaintiff worked an average of 63 hours per week for the Defendants and was paid an average hourly rate of $11.00 per hour but was never paid overtime wages for any hours worked as required by the Fair Labor Standards Act and Plaintiff therefore claims half time overtime rate of his hourly rate, for

each hour worked above 40 in a workweek.

17. From October 17, 2009 through on or about April 2, 2010, Plaintiff worked an average of 63 hours per week for the Defendants and was paid an average hourly rate of $7.94 per hour but was never paid overtime wages for any hours worked as required by the Fair Labor Standards Act and Plaintiff therefore claims half time overtime rate of his hourly rate, for each hour worked above 40 in a workweek.

18. From on or about May 1, 2010 through on or about September 24, 2010 Plaintiff worked an average of 63 hours per week for the Defendants and was paid an average hourly rate of $7.94 per hour but was never paid overtime wages for any hours worked as required by the Fair Labor Standards Act and Plaintiff therefore claims half time overtime rate of his hourly rate, for each hour worked above 40 in a workweek.

19. Defendant willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with each Defendant or, as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. The Plaintiff requests a trial by jury.

Respectfully Submitted,

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney For Plaintiff
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865 – 7167

By:__/s/ J.H. Zidell__________
J.H. Zidell, Esq.
Florida Bar Number: 0010121