**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No. 10-24603-CIV-UNGARO

ORNELIO BONACHEA-PEREZ,
*et al.*,

Plaintiffs,

v.

ORE SEAFOOD, INC., *et al.*,

Defendants.

**ORDER ON MOTION TO DISMISS**

THIS CAUSE is before the Court upon Defendants' Motion to Dismiss, filed on November 22, 2010. (D.E. 6.)

THE COURT has reviewed the Motion and the pertinent portions of the record and is otherwise fully advised in the premises.

Plaintiff brings a collective action, on behalf of himself and all similarly situated employees, against Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. Defendants move to dismiss the entire Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), arguing that Plaintiff fails to allege that he is an employee as defined by a state statute; and that, Plaintiff fails to "pierce the corporate veil" pursuant to common law principles; and that, therefore, Plaintiff cannot maintain his employment-related claims.

The Court denies the Motion. In order to state a claim, Fed. R. Civ. P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." While a court, at this stage of the litigation, must consider the allegations contained in the

plaintiff's complaint as true, this rule "is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). In addition, the complaint's allegations must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

In practice, to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* (citation omitted). The plausibility standard requires more than a sheer possibility that a defendant has acted unlawfully. *Id.* (citation omitted). Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *Id.* (internal quotations and citation omitted). Determining whether a complaint states a plausible claim for relief is a context-specific undertaking that requires the court to draw on its judicial experience and common sense. *Id.* (citation omitted).

Plaintiff states facially plausible claims for failure to pay overtime wages against Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. Plaintiff has sufficiently alleged that there existed an employer-employee relationship, that there was engagement of activities within the coverage of the Fair Labor Standards Act, that the employer violated the overtime wage requirements, and that a definite amount of compensation is due. *See, e.g.*, *Kiesz v. General Parts, Inc.*, 2007 WL 963489, *3 (D.S.D. Mar. 28, 2007) (citations omitted).

Defendants argue that Plaintiff (*i.e.*, Ornelio Bonachea-Perez, the sole named Plaintiff) failed to file a consent to join and therefore the collective action should be dismissed. However, a named plaintiff in a collective FLSA action is not required to file a consent to join as a party.

Accordingly, it is

ORDERED AND ADJUDGED that the Motion (D.E. 6) is DENIED.

DONE AND ORDERED in Chambers, in Miami, Florida this 31st day of January, 2011.

URSULA UNGARO
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record