UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-24603-CIV-UNGARO / TORRES

ORNELIO BONACHEA-PEREZ and all
others similarly situated under 29 U.S.C.
216(B),

   Plaintiff,

vs.

ORE SEAFOOD, INC.
ORELIA C. GONZALEZ
PEDRO A. GONZALEZ

   Defendants.
_____/

## ORDER ON PLAINTIFF'S MOTION TO COMPEL BETTER ANSWERS TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION, INTERROGATORIES AND ADMISSIONS AND FOR SANCTIONS

  This matter comes before the Court on the Plaintiff Ornelio Bonachea-Perez's ("Bonachea-Perez") Motion to Compel Better Answers to Plaintiff's First Request for Production, Interrogatories, and Admissions and for Sanctions (D.E. 28) filed on June 6, 2006. The Defendant Ore Seafood, Inc. ("Ore Seafood") filed its Response (D.E. 31) on June 17, 2011 and the Plaintiff filed his Reply (D.E. 34) on June 28, 2010. The Motion is now ripe for review.

## I.  REQUEST FOR ADMISSIONS

The Plaintiff moves the Court to compel proper responses to his Request for Admissions and/or deem each request for admissions admitted. Plaintiff Bonachea-Perez also requests attorney's fees and costs associated with bringing this motion.

Rule 36 governs the pretrial discovery process whereby a party to an action may request of other parties admissions regarding the truth of any matter within the scope of Rule 26(b). If a matter is not admitted,

> "the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny."

Fed. R. Civ. P. 36(a)(4). The purpose of Rule 36 is to limit the factual issues in a case, and thereby reduce trial effort and promote efficient litigation. *Interland, Inc. v. Bunting*, No. 1:04-CV-444-ODE, 2005 WL 2414990 at *8 (N.D. Ga. March 31, 2005) (citing *Perez v. Miami-Dade County*, 297 F.3d 1255, 1264 (11th Cir. 2002)).

The requesting party should set forth requests in a way that they can be answered with a simple admit or deny. *Henry v. Champlain Enter., Inc.*, 212 F.R.D. 73, 77 (N.D.N.Y. 2003). The responding party is to either admit or deny, and if it denies its denial should "fairly respond to the substance of the matter." Fed. R. Civ. P. 36(a)(4); *Treister v. PNC Bank*, No. 05-23207-CIV, 2007 WL 521935 at *2 (S.D. Fla.

Feb. 15, 2007) (stating that a request should be answered in simple "admit" or "deny" terms without further explanation.).

In the present case, the Plaintiff propounded his first request for admissions on April 8, 2011 and the Defendant responded to each request stating "[a]s phrased, denied" on May 3, 2011. (D.E. 28 at 1). The Plaintiff now argues that "[m]erely stating 'as phrased, denied' is insufficient as it does not state which part is admitted or which part is denied." (D.E. 28 at 4). However, Rule 36 only requires an "admission, denial, or objection." *Interland*, 2005 WL 2414990 at *9. Therefore, the Defendant has complied.

The Plaintiff also argues that the Defendants failed to respond in good faith because, in response to Interrogatory No. 13, the Defendants stated that they did not review a single document in answering Plaintiff's request for admissions. (D.E. 28 at 5). Therefore, when Defendants answered "as phrased, denied," Defendants or their counsel made no investigation into any of the request for admissions. *Id*. The Plaintiff corroborates his argument by explaining that requests for admissions 9 through 13 each request admissions as to Fair Labor Standards Act ("FLSA") jurisdiction, all of which were denied by Defendants on May 3, 2011. The Defendants responded by explaining that the FLSA jurisdiction issue was cured when the Defendants stipulated to FLSA jurisdiction on the record during the Plaintiff's deposition on May 31, 2011. (D.E. 31 at 4). Therefore, considering Defendants' neglect was cured prior to the filing of the present motion, the Plaintiff's Motion to Compel Better Answers to his request for admissions is denied.

## II.  REQUEST FOR PRODUCTION

Pursuant to Rule 26(b), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). "Rule 26 is highly flexible, having been designed to accommodate all relevant interests as they arise . . ." *United States v. Microsoft Corp.*, 165 F.3d 952, 959-60 (D.C. Cir. 1999).

As it relates to the Plaintiff's request for production, the Plaintiff requests that all objections have been waived and that Defendants provide all responsive documents including the Defendants' annual income tax returns. (D.E. 28 at 6). In support of his argument, the Plaintiff relies on *Mann v. Island Resorts Dev.,* No. 3:08cv297/RS/EMT, 2009 WL 6409113 (N.D. Fla. Feb. 27, 2009) for the proposition that the Defendants waived any objections raised. In *Mann*, the court stated

> if an objection to a discovery request is raised, and then the question is answered 'subject to' or 'without waiving' the objection, this court is reluctant to sustain the objection . . . Thus, a responding party is given only two choices: to answer or to object . . . Objecting but answering subject to the objection is not one of the allowed choices.

2009 WL 6409113 at *3.

Here, the Plaintiff propounded his first request for production on April 8, 2011. (D.E. 28 at 6). Thereafter, Defendants were provided with an extension of time for an additional 15 days to respond. *Id.* After that extension of time had elapsed, Plaintiff's counsel on May 27, 2011 sent an email to Defense counsel requesting the status of the

responses and advising that Plaintiff intended to file a motion to compel should the issue not be resolved. *Id.* Defense counsel then delivered a response to Plaintiff's Request for Production stating to each and every response "[i]f documents responsive to Plaintiff's Request for Production are in Defendants custody and control, responsive documents will be produced and made available for inspection and copying at a time and date to be mutually agreed upon by counsel."[1] (D.E. 28-7).

Several days later, on May 31, 2011, Defense counsel amended their response by including objections and providing responsive documents. For example, specific response to request for production number three states the following: "Objection. The documents requested herein are irrelevant to any cause of action in the Complaint and are not calculated to lead to the discovery of any evidence admissible in this action. Furthermore, the request is vague, ambiguous, overbroad, burdensome and harassive." (D.E. 28-8). This statement was used in response to fourteen of the thirty-four total production requests. *Id.*

Accordingly, the specific method of answering to a request stipulated in *Mann* is inapplicable to the Defendants' amended responses. 2009 WL 6409113 at *2 (explaining that if "an objection to a discovery request is raised, and then the question is answered 'subject to' or 'without waiving' the objection, the court is reluctant to

---

[1] The Defendants also prefaced their responses to the Plaintiff's requests for production with twelve general objections. Rule 34 is clear that objections should be stated with specificity. Fed. R. Civ. P. 34(b)(2)(C). Therefore, the Defendants' global objections are improper and the Court will ignore them unless the Defendants specifically assert them in response to a request for production. *See Interland*, 2005 WL 2414990 at *9 (stating that "[t]his 'global guard tactic' is improper and the Court will ignore the objections unless they are specifically asserted in response to a request.) (citing *Henry*, 212 F.R.D. at 80).

sustain the objection."). Here, the Defendants' initial response to the Plaintiff's Request for Production was neither an objection nor a valid answer.[2] Although the initial response failed to comply with the Federal Rules of Civil Procedure and/or the Local Rules, the Plaintiff has not identified any prejudice it would suffer due to the *de minimus* non-compliance. In sum, we find that the Defendants' amended response does not include any answers where the Defendants have objected and then answered "subject to" or "without waiving" the objection. Therefore, under *Mann*, the Defendants' have not waived any objections.

The Plaintiff further argues that the Defendants' corporate and individual federal tax returns for the years 2007, 2008, 2009, and 2010 be produced. (D.E. 28-2). Requests for production numbers 1, 2, 4, 13, and 33 seek the federal tax returns or other documents associated with such activity. *Id.* In response, the Defendants argue that such documents are irrelevant because the Defendants have already stipulated to FLSA jurisdiction. (D.E. 31 at 3). In his reply, the Plaintiff contends that the tax returns are additionally relevant for the following reasons: (1) documents are needed to show how many employees worked for Defendants; (2) documents are needed to discover employee wages and hours worked; (3) documents are needed to discover the amount of business done by the Defendants which is related to amount of work

---

[2] In their initial reply to the Plaintiff's Request for Production, the Defendants' provided the same response to each request, stating that "[i]f documents responsive to Plaintiff's Request for Production are in Defendants custody and control, responsive documents will be produced and made available for inspection and copying at a time and date to be mutually agreed upon by counsel." (D.E. 28-7). Said responsive documents were produced four days later by Defendants.

performed by Plaintiff; and (4) the taxes would show the amount of employee wages paid to employees which would be directly related to whether Plaintiff and other employees were being paid overtime wages. (D.E. 34 at 5).

A party should not be required to produce income tax returns absent a showing of compelling need. *Camp v. Correction Med. Serv.*, No. 2:08cv227-WKW, 2009 WL 424723 at *2 (M.D. Ala. Feb. 17, 2009) (citing *Dunkin' Donuts Inc., v. Mary's Donuts, Inc.*, 2001 WL 34079319 at *2 (S.D. Fla. Nov. 1, 2001)); *see also Pendlebury v. Starbucks Coffee Co.*, No. 04-80521-CIV, 2005 WL 2105024 at *1-2 (S.D. Fla. Aug. 29, 2005) (stating that "income tax returns are highly sensitive documents that courts should be reluctant to order disclosed during discovery.").

Although the tax returns may in limited part be relevant to the subject matter of the action, the Court is skeptical that there is a compelling need for a complete disclosure because the information contained therein seems irrelevant or otherwise obtainable through other sources. Therefore, Plaintiff's Motion to Compel Better Answers to Plaintiff's Request for Production is granted in part; Defendants shall produce the requested corporate and individual federal tax returns for the years 2007, 2008, 2009, and 2010 only to the extent it contains data specifically relevant to the Plaintiff's request.  The tax returns will be produced only to the extent that they contain information relevant to the issues presented by the Plaintiff in his Reply, such as: (1) how many employees worked for Defendants; (2) employee wages and hours worked; (3) amount of business done by the Defendants which is related to amount of

work performed by Plaintiff; and (4) total amount of employee wages paid to employees. (D.E. 34 at 5).

### III.  INTERROGATORIES

Plaintiff Bonachea-Perez contends that Defendants' responses to Plaintiff's first set of Interrogatories are insufficient and therefore requests better answers to Interrogatory Nos. 5, 6, 7, 8, 11, 12, 13, and 15. (D.E. 28 at 7). Plaintiff also requests recovery for reasonable attorney's fees associated with bringing the motion.

**A.**  *Interrogatory No. 5*

Interrogatory No. 5 asks for the factual basis for each exemption asserted by the Defendants. (D.E. 28 at 7). In response to the Interrogatory, the Defendants stated that "[p]laintiff's duties and responsibilities implicated the exemption from overtime pay for employees employed in specified on-shore operations for employees employed in fishing, fish-farming, and other off-shore operations on aquatic products." (D.E. 28-9). Further, in the Defendants' response to the Plaintiff's current Motion to Compel, the Defendants state the following: "As it relates to interrogatories 5 and 11, Defendants shall, upon Plaintiff's submission of clear and unambiguous Requests for Admission respond accordingly." (D.E. 31 at 5). The Court finds Defendants' argument unavailing and declines to agree that providing "the factual basis for each exemption" is unclear and/or ambiguous.

Federal Rule of Civil Procedure 33(b)(3) states that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Therefore, we find the Defendants' response to Interrogatory No. 5 inadequate.

Defendants should have responded to the Interrogatory by informing Plaintiff of the exemptions, and the facts supporting those exemptions, on which it currently intends to rely on. *Titre v. S.W. Bach & Co.,* No. 05-80077-CIV-MARRA/SELTZER, 2005 WL 1692508 at *1 (S.D. Fla. July 20, 2005) (holding that defendant should have responded to the Interrogatories by informing Plaintiff of the exemptions on which it intends to rely on). Thus, Plaintiff's Motion to Compel Better Answers to Interrogatory No. 5 is granted.

### B. *Interrogatory No. 6*

Interrogatory No. 6 requests that the Defendants provide the name, address, contact person and telephone number for all Defendants' suppliers in 2008, 2009, and 2010. (D.E. 28-3). In his Motion to Compel Better Answers, the Plaintiff explains that this information is relevant in establishing that the Defendants' enterprise is covered under the FLSA. (D.E. 28 at 8). The Defendants respond by stating that "Defendants' responses to Interrogatories 6 and 7 are moot given that Defendants, as mentioned previously, have already stipulated to FLSA jurisdiction." (D.E. 31 at 5). Given that the Plaintiff has not identified another reason for compelling the production of this information, the Court concludes that the dispute over Interrogatory No. 6 was rendered moot by Defendants' response to the current motion. Thus, Plaintiff's Motion to Compel Better Answers to Interrogatory No. 6 is denied.

### C. *Interrogatory No. 7*

Interrogatory No. 7 requests that the Defendants explain why they believe the necessary interstate commerce and/or $500,000.00 monetary thresholds are not met

for the purpose of FLSA jurisdiction. Due to the Defendants' recent stipulation of FLSA coverage, this issue is rendered moot. Thus, Plaintiff's Motion to Compel Better Answers to Interrogatory No. 7 is denied.

### D.   *Interrogatory No. 8*

Interrogatory No. 8 requests names and addresses of those who the Defendants intend to use to support any of their affirmative Defenses. (D.E. 28-3 at 8). In response to Interrogatory No. 8 , the Defendants provided four names without addresses. (D.E. 28-9 at 8). In response to the current motion, the Defendants supplemented the record with the appropriate addresses but failed to verify the response; the Plaintiff now requests that the Court require Defendants to provide a verified response to said interrogatory. "The purpose of verifying interrogatory responses is to have the party to attest to the truth of the responses." *Knights Armament Co. v. Optical Sys. Tech. Inc.,* 254 F.R.D. 463, 467 (M.D. Fla. 2008). Therefore, considering the Defendants' have supplemented the record with the required information, Plaintiff's Motion to Compel Better Answers to Interrogatory No. 8 is granted in part to the extent of providing a verified response.

### E.   *Interrogatory No. 11*

Interrogatory No. 11 requests the Defendants to "[p]lease state the factual basis in detail for each and every affirmative Defense you have asserted in the present case." (D.E. 28-3 at 8). In response to the Interrogatory, the Defendants state the following: "Plaintiff did not work past December 24th, 2010. His regular scheduled hours were from 7:00am - 12:00pm. Even though this was his schedule, he did not go by his

scheduled hours; instead, he would leave early and not complete his hours." (D.E. 28-8 at 8). The Plaintiff argues that Defendants' answer is non-responsive as it does not state the factual basis for the forty-six affirmative defenses presented. In response to the Plaintiff's Motion to Compel, the Defendants state that: "As it relates to interrogatories 5 and 11, Defendants shall, upon Plaintiff's submission of clear and unambiguous Requests for Admission respond accordingly." (D.E. 31 at 5).

The Court finds this Interrogatory proper and likely to lead to admissible evidence. Thus, Defendants shall respond. *See Titre*, 2005 WL 1692508 at *3 (holding that the defendant should have responded to the Interrogatory by informing Plaintiff of the basis for its asserted affirmative defenses . . .); *see also Mid Continent Cas. Co. v. LB King*, No. 1:06-cv-00128-MP-AK, 2008 WL 2704456 at *3 (N.D. Fla. July 7, 2008) (holding that MCC shall respond to the interrogatory requesting the "facts upon which you rely for each affirmative defense in your answer . . ."). Therefore, Plaintiff's Motion to Compel Better Answers to Interrogatory No. 11 is granted.

   F.   *Interrogatory No. 12*

Interrogatory No. 12 requests the Defendants to "identify all documents you reviewed, relied upon or referred to in answering, or that in any way assisted you in answering, any of the interrogatories contained herein." (D.E. 28-3 at 9). Defendants' response to the Interrogatory states: "I have reviewed all documents relating to Ptlaintiff [sic] to assist me in answering these interrogatories." (D.E. 28-9 at 7). In response to the current motion, the Defendants contend that: "As it relates to Interrogatory 12, Defendants clarifies [sic] their previous answer and submit that they

reviewed the documents which have already been produced pursuant to Plaintiff's Requests for Production." (D.E. 31 at 5). The Plaintiff replies by requesting that Defendants be required to submit "a verified" amended response stating the same. Accordingly, the Defendants shall amend their response with the appropriate verification. Therefore, Plaintiff's Motion to Compel Better Answers to Interrogatory No. 12 is granted in part.

### G.     *Interrogatory No. 13*

Interrogatory No. 13 requests the Defendants to "[i]dentify all documents you reviewed, relied upon or referred to in answering, or that in any way assisted you in answering, any of the requests for admissions that were propounded simultaneously with Plaintiff's First Set of Interrogatories on April 6, 2011." Defendants' response to Interrogatory No. 13 simply states "none." (D.E. 28-9 at 7). In the Plaintiff's current Motion to Compel, the Plaintiff argues the Defendants' response is "sanctionable" because Defendants "admit that they did not review any documents when responding to Plaintiff's first request for admissions." (D.E. 34 at 8). However, the Plaintiff does not move to compel a better answer; therefore, the Court denies the Plaintiff's Motion to Compel Better Answers to Interrogatory No. 13 as moot.

### H.     *Interrogatory No. 15*

Interrogatory No. 15 requests the Defendants to contend if any person or entity other than the Defendants are, or may be, liable in whole or part for the claims asserted against the Defendants. (D.E. 28-3 at 9). The Defendants' response to Interrogatory No. 15 states "[Defendants] contend that the Defendants are not liable

to Plaintiff because Plaintiff has been fully and properly compensated for all hours worked." (D.E. 28-9 at 7). In the current motion to compel, the Plaintiff argues that the Defendants' response is non-responsive because "[i]t is possible that Defendants may contend that another entity is responsible for the paying of Plaintiff's wages or there may be an indemnification agreement between Defendant and another entity for the payment of Plaintiff's wages." (D.E. 28 at 10).

Under Rule 26(b)(1), parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. Here, information regarding potential third party defendants is relevant to the Plaintiff's case. Therefore, having reviewed the Defendants' response, the Court concludes that the Defendants' answer to Interrogatory No. 15 is insufficient to defeat Plaintiff's Motion to Compel. The Defendants' shall respond with the appropriate information, either revealing or denying the identity of any potential third parties. Plaintiff's Motion to Compel Better Answers to Interrogatory No. 15 is granted.

## IV.  SANCTIONS

The remaining issue is whether Plaintiff Bonachea-Perez is entitled to an award of attorney's fees. Rule 37(a)(5)(A) provides, in relevant part:

> (A) If the Motion is Granted (or Disclosure or Discovery is Provided After Filing). If the motion is granted – or if the disclosure or requested discovery is provided after the motions was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduce necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

As it relates to Plaintiff's Motion to Compel Better Answers to his Request for Admissions, the Court has denied the motion; therefore, sanctions are inappropriate.

Plaintiff's Motion to Compel Better Answers to his Request for Production was granted in part. Here, in light of the sensitive nature of the federal income tax returns and the Defendants' May 31, 2011 stipulation of FLSA jurisdiction, the Court finds the Defendants' were justified in challenging the request. Thus, sanctions are inappropriate.

Finally, with regard to Plaintiff's Motion to Compel Better Answers to his Interrogatories, the Court finds that Rule 37(c) sanctions are not warranted under the present circumstances.

## V.  CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Compel Better Answers to his Request for Admissions is DENIED. Plaintiff's Motion to Compel Better Answers to his Request for Production is GRANTED IN PART. To the extent Plaintiff's Motion to compel better answers to Interrogatory Nos. 5, 11, and 15 the Motion is GRANTED. Plaintiff's Motion to Compel Better Answers to Interrogatory Nos. 8 and 12 is GRANTED IN PART and Plaintiff's Motion to Compel Better Answers to Interrogatory Nos. 6, 7, and 13 is DENIED.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 29th day of July, 2011.

                                                  */s/ Edwin G. Torres*
                                                  EDWIN G. TORRES
                                                  United States Magistrate Judge